**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews**

Civil Action No.: 1:17-CV-02223-RM-SKC

COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,
HAZARDOUS MATERIALS AND WASTE MANAGEMENT DIVISION,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF THE ARMY,
UNITED STATES FISH AND WILDLIFE SERVICE, and
SHELL OIL COMPANY,

    Defendants.

## ORDER DENYING IN PART JOINT MOTION FOR STAY

This Order addresses the Parties' Joint Motion for Stay [#87] ("Motion"). For the reasons set forth below, the Motion is DENIED IN PART.

The Parties request a 90-day stay of this action due to difficulties completing discovery under the various restrictions in response to the COVID-19 pandemic. [*See generally* #87.] The Parties have two primary concerns: (1) the pandemic has hindered the completion and review of discovery responses and document disclosures; and (2) "preparing for depositions under current conditions will be more time consuming and less efficient" than before. [*Id.* at p. 2.]

Nevertheless, the Parties have continued their discovery efforts—specifically, serving and responding to written discovery requests—where possible. [*Id.* at pp. 3-4.]

1

Their review of document disclosures has been slowed as they adjust to working from home, and [t]he vast majority of documents . . . have not yet been collected or produced." [*Id.* at p. 4.] The latter will require physical access to offices that is impractical, if not impossible, at this time. [*See id.* at p. 2.] The Parties argue that a stay will "allow time for conditions to improve and for the many restrictions presently in place to be relaxed." [*Id.* at p. 4.] They claim a stay will also allow them to assess "the best ways to ensure the case can proceed when the stay is lifted, even if restrictions due to the pandemic remain." [*Id.*]

The Court has carefully considered the Parties' request, and it is empathetic to counsels' plight of conducting discovery amid a pandemic. However, the uncertainty around whether or when current conditions will be significantly changed does not constitute good cause for a 90-day stay. It could be that pandemic-restrictions will soon be lifted such that typical discovery processes may resume. Or the opposite may be true. If the opposite is true, then a 90-day stay may be for naught and may only prove an unnecessary delay of these proceedings.

This case has been pending since September 14, 2017, and the Parties have yet to complete written discovery. The interests of justice and the Court's consideration of its obligations under Fed. R. Civ. P. 1 weighs against a 90-day stay. That said, good cause does exist for modifying the scheduling order to extend pending deadlines in light of the issues raised by the Parties. The Court finds extending those deadlines by 60 days is appropriate.

Accordingly, IT IS ORDERED that the Motion to Stay is DENIED IN PART to the extent it seeks a 90-day stay, and GRANTED IN PART to the extent it seeks an extension of deadlines. IT IS FURTHER ORDERED that the Scheduling Order is modified to allow for an extension of case deadlines, as follows:

| | |
|---|---|
| Last Day to Serve Written Discovery: | July 14, 2020; |
| Rebuttal Expert Disclosure Deadline: | October 2, 2020; |
| Close of Fact and Expert Discovery; | October 20, 2020; |
| Dispositive Motions Deadline: | December 8, 2020; |
| Submission of Final Pretrial Order: | February 4, 2021; and |
| Telephonic Final Pretrial Conference: | February 11, 2021 at 11:00 AM in |

Courtroom C201 before Magistrate Judge S. Kato Crews. The Parties shall attend by initiating a joint conference call amongst themselves prior to calling Chambers at the time of the hearing.

IT IS FURTHER ORDERED that the Parties shall submit a Joint Status Report on July 3, 2020. The Joint Status Report shall update the Court on the Parties' discovery efforts.

DATED: May 8, 2020

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge