**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02223-RM-SKC

COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,
HAZARDOUS MATERIALS AND WASTE MANAGEMENT DIVISION,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF THE ARMY; and
UNITED STATES FISH AND WILDLIFE SERVICE,

    Defendants.

---

**PLAINTIFF'S MOTION TO RETAIN SUPPLEMENTAL JURISDICTION**

---

Plaintiff, the Colorado Department of Public Health and Environment, Hazardous Materials and Waste Management Division ("CDPHE"), respectfully requests the Court retain supplemental jurisdiction over Plaintiff's state law claim that the United States of America, the United States Department of the Army (the "Army"), and the United States Fish and Wildlife Service ("FWS") (collectively, "Defendants") violated the Colorado Hazardous Waste Act ("CHWA"). The reasons for this Motion are as follows:

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1(a), Plaintiff's counsel conferred in good faith with Defendants' counsel about this Motion. Defendants requested CDPHE inform the court: "Defendants take no position on the relief requested in the motion at this time and reserve all rights, including the right to file a substantive response, based on a review of the filed version of the motion. Defendants believe that proceedings in the case should be stayed until after the Court decides whether it has subject matter jurisdiction over the remaining claim."

To be clear, CDPHE is not requesting a stay pending the resolution of this Motion and does not think such a delay is appropriate.

## BACKGROUND

Plaintiff filed this case on September 14, 2017, seeking a mandatory injunction pursuant to 42 U.S.C. § 9621(e)(2) and 42 U.S.C. § 9620(h), which are provisions of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 to 9674 ("CERCLA") and a mandatory injunction to enforce a state environmental law claim arising from the same set of operative facts. As the Complaint states, this Court had jurisdiction over this action: (1) "pursuant to 28 U.S.C. § 1331 because Plaintiff's second claim for relief seeks to enforce 42 U.S.C. § 9621(e)(2) and 42 U.S.C. § 9620(h);" (2) "pursuant to 28 U.S.C. §1332 because Plaintiff is an executive agency of the State of Colorado and because Defendant Shell is a Delaware Corporation;" and (3) "pursuant to 28 U.S.C. § 1367."  Compl. at ¶ 7 (ECF No. 1). After extensive briefing and oral argument, on March 13, 2019, the Court dismissed Plaintiff's claim seeking a mandatory injunction pursuant to CERCLA on statute of limitations grounds. Order at 22-23 (ECF No. 53). On June 30, 2020, Plaintiff voluntarily dismissed Defendant Shell

Oil Company ("Shell") from the case. Stipulation of Dismissal without Prejudice of Def. Shell Oil Co. (ECF No. 91). Due to these developments, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332.

Fact discovery closed on January 4, 2021. During discovery, the Parties exchanged approximately 80,000 documents, served and answered approximately 150 requests for admission and interrogatories, and took depositions over eight days.

Defendants have raised the issue of supplemental jurisdiction several times, beginning in their April 17, 2019 Answer (ECF No. 66). Most recently, in its Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Admission dated November 13, 2020, excerpts attached as **Exhibit 1**, Defendant Army states that Plaintiff has failed to establish that subject matter jurisdiction exists under Federal Rule of Civil Procedure 12(b)(1). Ex. 1 at 19. However, Defendant Army also states that it and other Defendants "would immediately seek to remove to federal court any attempt by Plaintiff to bring its remaining state law claim in state court, and would likely succeed in any removal request." Ex. 1 at 21; *see* 28 U.S.C. § 1442(a).

Because this Court has retained jurisdiction for over three years, fact discovery has closed, and Defendants have stated they would seek to remove any state claim to federal court should this Court decline to retain jurisdiction, this Court should affirmatively retain supplemental jurisdiction in the present case.

# ARGUMENT

**The Court has discretion to, and should, retain supplemental jurisdiction over Plaintiff's state law claim because values of judicial economy, convenience, fairness, and comity weigh strongly in favor of doing so.**

A federal district court has original jurisdiction over an action when at least one claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2020). When a federal district court has original jurisdiction over a civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). A state law claim that derives from the same common nucleus of operative facts as the federal claim forms part of the same case or controversy for purposes of Article III. *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.,* 210 F.3d 1207, 1220 (10th Cir. 2000). A federal district "may decline to exercise supplemental jurisdiction" over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Federal district courts have discretion, however, over whether to retain supplemental jurisdiction over state claims. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010); *Barlow v. C.R. England, Inc.,* 703 F.3d 497, 511 (10th Cir. 2012) ("As all of [plaintiff's] federal claims have been dismissed, we leave it to the district court to decide in the first instance whether it will

continue to exercise supplemental jurisdiction over the state-law claim."); *Gullickson v. Southwest Airlines Pilots' Ass'n*, 87 F.3d 1176, 1187 (10th Cir. 1996) ("It is well-settled that supplemental jurisdiction is a doctrine of discretion . . . ."). The United States Court of Appeals for the Tenth Circuit "generally [holds] that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks*, 614 F.3d at 1229. However, the Tenth Circuit has also acknowledged that the Court decide whether to retain jurisdiction on a case-by-case basis:

> [The] Supreme Court has instructed . . . 'federal court[s] [to] consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.

*Birdwell v. Glanz*, 790 F. App'x 962, 964 (10th Cir. 2020) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)).

For instance, federal courts may exercise supplemental jurisdiction over state law claims where it would be a "waste of judicial resources to require [plaintiff] to refile a suit that has been pending for a lengthy period of time and progressed through the discovery stage," and "any refiling would be fruitless, as the statute of limitations has run," such that the plaintiff "would be prejudiced by dismissal." *Ketema v. Midwest Stamping, Inc.*, 180 F. App'x 427, 428 (4th Cir. 2006); *see Sipf v. Herbers*, No. 1:12-cv-00441-RM-KMT, 2015 WL 2441395, at *4-5 (D. Colo. May 20, 2015) (holding that the federal court will retain supplemental jurisdiction because judicial economy, convenience, and fairness weighs more heavily than the state's interest in comity). Similarly, federal courts can retain supplemental jurisdiction over a state law claim

5

when "the refiling of the state claims is barred by the statute of limitations [and] where substantial judicial resources have already been expended on the state claims . . . ." *Vega v. Chicago Bd. of Educ.*, 338 F. Supp. 3d 806, 815 (N.D. Ill. 2018).

      Here, the state law claim, that Defendants are required by state environmental law to obtain a post-closure permit for Basin F at the Rocky Mountain Arsenal, derives from the same common nucleus of operative facts concerning the many decades long operation and cleanup of the Rocky Mountain Arsenal, as the dismissed federal law claim, seeking an injunction pursuant to CERCLA. Next, Defendants are likely to make similar statute of limitations arguments in State court that they have made in the present case. Additionally, "values of judicial economy, convenience, fairness, and comity" strongly support this Court retaining supplemental jurisdiction. First, while this Court made no affirmative statement concerning jurisdiction when it dismissed the federal claim on March 13, 2019, it has exercised jurisdiction in this case for over three years, most recently ruling on a joint motion for extension of remaining pre-trial deadlines on October 7, 2020. Second, since this Court dismissed the federal claim, all Parties (including Shell before it was dismissed) acted as though this Court has retained jurisdiction. The Parties have engaged in extensive fact discovery, including exchanging approximately 80,000 documents, serving and answering approximately 150 requests for admission and interrogatories, and taking eight days of depositions. The Parties have also sought, and the Court has granted four extensions since March 13, 2019. All Parties have expended significant time and resources prosecuting and defending this case. Third, if this Court declines to retain jurisdiction, then Plaintiff will be forced to re-file its remaining claim in State court. Defendants will almost

certainly succeed in removing the claim to federal court, rendering any dismissal here an academic exercise lacking convenience to all Parties and wasting judicial resources.

## CONCLUSION

The Court has discretion to retain supplemental jurisdiction over Plaintiff's state law claim and should retain jurisdiction because values of judicial economy, convenience, fairness, and comity weigh in favor of doing so. For the above reasons, Plaintiff respectfully requests the Court retain supplemental jurisdiction over Plaintiff's state law claim.

Dated February 4, 2021.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*/s/ David Banas*
DAVID BANAS*
Senior Assistant Attorney General
(720) 508-6284
(720) 508-6039 (fax)
david.banas@coag.gov
Colorado Department of Law
Natural Resources and Environment Section
1300 Broadway, 7th Floor
Denver, Colorado  80203
*Attorneys for Colorado Department of*
  *Public Health and Environment*
*Counsel of Record

7

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 4, 2021, I electronically served the foregoing **PLAINTIFF'S MOTION TO RETAIN SUPPLEMENTAL JURISDICATION** by filing it with the Clerk of Court using the CM/ECF system.

    */s/ Laura F. Kelly*
LAURA F. KELLY, Paralegal
Telephone: (720) 508-6301
FAX: (720) 508-6039
E-Mail: laura.kelly@coag.gov
Colorado Department of Law
Natural Resources & Environment Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 7th Floor
Denver, Colorado 80203