IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Raymond P. Moore

Civil Action No. 17-cv-02223-RM-SKC

COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,
HAZARDOUS MATERIALS AND WASTE MANAGEMENT DIVISION,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF THE ARMY; and
UNITED STATES FISH AND WILDLIFE SERVICE,

    Defendants.

## ORDER

This case involves the Rocky Mountain Arsenal and the implications of the contamination of and the leaving of hazardous waste in place at that facility. Plaintiff's action asserted two claims based on state and federal environmental laws. By Order dated March 13, 2019, this Court dismissed the federal claim based on the statute of limitations – non-jurisdictional grounds – under Fed. R. Civ. P. 12(b)(6). On June 30, 2020, Plaintiff voluntarily dismissed Defendant Shell Company.

This matter is now before the Court on Plaintiff's Motion to Retain Supplemental Jurisdiction (ECF No. 106) over the remaining state law claim against Defendants, to which Defendants oppose. Defendants assert that this Court never had supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367, so there is no supplemental jurisdiction to "retain" upon the dismissal the federal claim. The Court examines the record to see if this is so.

## I. BACKGROUND

The Rocky Mountain Arsenal is allegedly a hazardous waste facility ("Facility"). According to Plaintiff, hazardous waste was stored, treated, and disposed of at the Facility. Waste management practices resulted in contamination across the Facility which posed a threat to human health and the environment. Corrective actions were undertaken at the Facility. Rules were promulgated to address hazardous waste facilities, including rules which apply to the Facility. Defendants are the alleged owner (United States) or operators (the other Defendants) of the Facility[1] who bear responsibility for compliance with environmental related requirements applicable to the Facility.

As stated, Plaintiff brought two claims to address Defendants' alleged noncompliance with applicable federal and state environmental laws. Plaintiff's first claim is based on Defendants' alleged failure to obtain a post-closure permit (or substitute document) required under the Colorado Hazardous Waste Act ("CHWA") after they allegedly closed landfills, land treatment units, and other matters at the Facility. Plaintiff's second claim is based on Defendants' alleged failure to comply with the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") when they transferred certain land of the Facility out of federal ownership. The question before the Court is whether it has supplemental jurisdiction over the remaining state law (judicial power) and, even if it does, whether it should retain such jurisdiction (judicial discretion).

---

[1] In whole or in part.

## II. LEGAL STANDARD

"Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based." *Est. of Harshman v. Jackson Hole Mtn. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) (quoting 28 U.S.C. § 1367(a)). "Judicial economy and fairness result from retaining jurisdiction over mixed state and federal claims where '[t]he state and federal claims derive from a common nucleus of operative fact.'" *Id*. at 1165 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). However, even where a "common nucleus of operative fact" exists, federal jurisdiction is nonetheless not mandatory. *Id.* Because even where supplemental jurisdiction exists, "it is not a matter of the litigants' right, but of judicial discretion." *Id*. The burden of establishing subject-matter jurisdiction is on the party invoking a federal court's jurisdiction. *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019).

## III. DISCUSSION

"In trying to set out standards for supplemental jurisdiction and to apply them consistently, we observe that…no two cases of supplemental jurisdiction are exactly alike." *Nanavati v. Burdette Tomlin Mem'l Hosp.*, 857 F.2d 96, 105 (3d Cir. 1988). Some courts find "that [the] mere tangential overlap of facts is insufficient," *id.*[2], while other courts find that "'some loose factual connection'" is sufficient. *Allen v. Geo Grp., Inc.*, No. 20-CV-00179-MEH,

---

[2] *See also, e.g., Schaeffer v. JBS Carriers, Inc.*, No. 19-CV-01406-NYW, 2020 WL 7043867, at *21 (D. Colo. Dec. 1, 2020).

2020 WL 5500454 (D. Colo. Sept. 11, 2020) (italics omitted) (quoting *Millennium Labs., Inc. v. Rocky Mtn. Tox, LLC*, 10-cv-02734-MSK-KMT, 2011 WL 4736357, at *3 (D. Colo. Oct. 7, 2011)). There is apparently no controlling authority which sets forth the standard to be applied.

"[N]o one[, however,] disputes that the *Gibbs* standard, and therefore § 1367(a), embraces claims that arise from the same transaction or occurrence as the underlying dispute." 13D Charles Alan Wright, et al., Federal Practice & Procedure § 3567.1 (3d ed. 2011 & 2021 update). The question is how much of a relationship is required between the claims for them to satisfy the "common nucleus" test. After reviewing cases cited by the parties, the Court agrees that "[t]he *Gibbs* 'common nucleus' test is broader than the 'transaction or occurrence' test used in the Civil Rules." *Id*. Therefore, it agrees with those cases which found that "§ 1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some *loose factual connection*." *Id*. (italics added). A standard which "is broad and fact-specific, and should be applied with a pragmatic appreciation of the efficiency promoted by supplemental jurisdiction." *Id*.

In this case, although the environmental laws at issue are different, e.g., one is under state law while the other is under federal law, and the two alleged non-compliances are of different matters, they nonetheless have more than a loose factual connection to each other. After all, this case is about the Facility and Defendants' alleged failure to comply with environmental laws which govern how matters related to that Facility are allegedly required to be handled to protect human health and the environment. And when the Court considers the claims without regard to their federal or state character, "[P]laintiff's claims are such that [it] would ordinarily be expected

4

to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725. Accordingly, there is power in this Court to hear "the whole case." *Id*.

That this Court has the power to hear this case does not mean it must hear this case. "The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228 1238 (10th Cir. 2020) (citations omitted). This is especially so when the state claims raise novel issues of state law. *Id*. at 1238-39. Although the novelty of the application of the CHWA is unclear at this time, the claim nonetheless certainly raises important issues concerning a state law. Accordingly, the Court finds it should decline to exercise supplemental jurisdiction over the remaining state claim.

The Court recognizes this case has been pending on its docket for some time. However, the parties were apparently aware of the dispute over whether this Court could and should exercise supplemental jurisdiction over the remaining state law claim for some time but only raised it for consideration within the last few months. The fact that Defendants assert they may seek to remove any action refiled in state court to federal court also does not alter the Court's decision. The Court finds that what Defendants may or may not do – or can or cannot do – as to any refiled action is not a relevant factor in its analysis.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Plaintiff's Motion to Retain Supplemental Jurisdiction (ECF No. 99) is
    DENIED;

(2) That, pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the remaining state law claim (First Claim for Relief) and the First Claim for Relief is DISMISSED WITHOUT PREJUDICE;

(3) That Defendants' Motion In Limine (ECF No. 98) is DENIED WITHOUT PREJUDICE AS MOOT;

(4) That the Clerk shall enter FINAL JUDGMENT in favor of Defendants and against Plaintiff on the Second Claim for Relief in accordance with its Order of March 13, 2019 (ECF No. 53); and

(5) That the Clerk shall close this case.

DATED this 2nd day of August, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge